UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW KEITH ALWARD, <br><br> Petitioner, <br><br> v. <br><br> ERIC ROKOSKY, <br><br> Respondent. | Case No. 25-cv-10052 <br><br> Honorable Robert J. White |

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

I.   Introduction

Matthew Keith Alward is currently incarcerated with the Bureau of Prisons at the Federal Correctional Institution in Cumberland, Maryland (FCI-Cumberland). He filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court sentence running concurrently with his federal sentence. For the following reasons, the Court (1) dismisses the petition for a writ of habeas corpus without prejudice, (2) declines to issue a certificate of appealability, and (3) denies leave to proceed *in forma pauperis* on appeal.

II.     Background

Alward is serving a 10-year federal prison sentence after pleading guilty to one count of conspiracy to distribute with intent to distribute fifty grams or more of methamphetamine. (*United States v. Alward*, Case No. 19-cr-261 (W.D. Mich.), ECF No. 46).  While serving his federal sentence, Alward pled guilty in two state court criminal prosecutions – one in Wayne County Circuit Court, *People v. Alward*, Case No. 19-006351-01-FH, and another in Washtenaw County Circuit Court, *People v. Alward*, Case No. 19-000750-FH.  Alward appealed the Washtenaw County conviction to the Michigan Court of Appeals.  That appeal remains pending.  *People v. Alward*, Case No. 372410, https://www.courts.michigan.gov/c/courts/coa/case/372410 (last visited Jan. 24, 2025).

Alward now petitions for a writ of habeas corpus, claiming that: (1) the Washtenaw County Circuit Court failed to properly credit the time he already served in federal custody when imposing a concurrent state sentence, (2) the prosecutor is not honoring the plea agreement by denying him jail credit and forcing him to serve his full five-year sentence without a parole hearing, and (3) trial counsel was ineffective for not properly discussing his options. (ECF No. 1, PageID.5-8).[1]  This

---

[1] The Washtenaw County Circuit Court register of actions shows that the state circuit judge credited Alward's sentence for 900 days "Time Served" and indicated that the sentence would run concurrently with his "Federal Prison Case." *People v. Alward*, Case No. 19-000750-FH, Register of Actions, https://tcweb.ewashtenaw.org/PublicAccess/CaseDetail.aspx?CaseID=387352 (last visited Jan. 24, 2025).

2

is Alward's second federal habeas petition concerning this conviction and sentence. The Court dismissed his first habeas petition without prejudice because it was premature (his Washtenaw County conviction and sentence are not yet final) and because he failed to exhaust his state court remedies before seeking federal habeas review. (*Alward v. 22nd Cir. Ct.*, Case No. 24-cv-13109, ECF No. 12).

III.   Analysis

    A.   *Subject-Matter Jurisdiction*

Before addressing Alward's claims, the Court must first ascertain whether it possesses the jurisdiction necessary to consider the habeas petition. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). The jurisdiction to award a habeas writ under section 2254 hinges upon whether the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States").

In *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam), the United States Supreme Court read section 2254 "as requiring that the habeas petitioner be

---

*See Clark v. Stone*, 998 F.3d 287, 297 n.4 (6th Cir. 2021) ("Courts may take judicial notice of the proceedings of other courts of record.").

'in custody' under the conviction or sentence under attack at the time his petition is filed." This element is satisfied when an inmate in federal custody challenges a state conviction whose sentence remains unexpired. *See id.* at 493; *see also Rhodes v. Streeval*, No. 18-5906, 2019 U.S. App. LEXIS 22314, at *4 (6th Cir. Jul. 25, 2019) (holding that the "district court had jurisdiction to consider" a federal inmate's "challenge to his 1993 conviction because he is subject to an unexpired state sentence and state officials have filed a detainer against him with federal authorities."); *Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001) (affirming the dismissal of a habeas petition on jurisdictional grounds because, "though currently in federal custody," the petitioner was not "subject to any unexpired state sentences.").

Alward fits within these parameters. He is incarcerated with the Bureau of Prisons. And he is challenging the calculation of an unexpired sentence resulting from a state conviction. Since Alward meets section 2254's "in custody" requirement, the Court has jurisdiction to consider the petition.

B.   *Prematurity and Failure to Exhaust State Court Remedies*

As discussed above, Alward previously filed a federal habeas petition challenging his Washtenaw County conviction and sentence. The Court dismissed that petition without prejudice based upon prematurity and exhaustion grounds. (*See* Case No. 24-cv-13109, ECF No. 12, PageID.30-32). The present habeas petition is

4

subject to dismissal for those same reasons. Alward's direct appeal is still pending before the Michigan Court of Appeals. And he has not presented the claims asserted in the habeas petition on either direct appeal or collateral review in the state courts. As a result, the habeas petition must be dismissed without prejudice.

C.   *Certificate of Appealability*

The Court also declines to issue a certificate of appealability. Before Alward may appeal this Court's ruling, "a circuit justice or judge" must issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A habeas petitioner must make a substantial showing of the denial of a constitutional right to receive a certificate of appealability. 28 U.S.C. § 2253(c)(2). An appeal from the district court's order denying habeas relief on procedural grounds may be taken if the petitioner demonstrates that (1) jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court denies a certificate of appealability because jurists of reason would not debate whether the petition should be dismissed on account of (1) its prematurity, or (2) Alward's failure to exhaust his state court remedies. *See McDuffie v. Sloan*, No. 16-3531, 2017 U.S. App. LEXIS 29342, at *1-2 (6th Cir. Jan. 23, 2017). Leave

5

to proceed *in forma pauperis* on appeal is likewise unwarranted because any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that the Court declines to issue a certificate of appealability.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

Dated: January 28, 2025                    s/ Robert J. White
                                                        Robert J. White
                                                        United States District Judge